UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHANE WATSON,

                          Petitioner,

        -v-

CHRISTOPHER ARTUZ, Superintendent,
Green Haven Correctional Facility,

                        Respondent.

99 Civ. 1364 (PAE) (GWG)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

This case resolves a motion for an indicative ruling under Federal Rule of Civil Procedure 62.1(b) and evaluates a proposed third petition for federal habeas corpus relief under 28 U.S.C. § 2254.

For more than two decades, petitioner Shane Watson has unsuccessfully sought relief in this Court, pursuant to § 2254, from his 1993 state-court murder conviction. In 1999, the judge then assigned to this case denied Watson's first § 2254 petition. Dkt. 11. In 2019, this Court dismissed Watson's second petition. Dkt. 78. The appeal of that dismissal is currently pending before the Second Circuit.

Shortly after Watson appealed the second petition, an investigation by the Conviction Integrity Unit of the Bronx County District Attorney's Office ("CIU") uncovered new evidence that Watson contends calls into question the validity of his conviction. Watson seeks by two procedural means to secure relief based on this evidence. First, he asks this Court to issue an indicative ruling, pursuant to Rule 62.1, that if the Second Circuit were to remand, this Court would allow him to amend his second petition based on the new evidence. Dkt. 99. Second, Watson applied to the Second Circuit for an order that would authorize him to file a third § 2254

habeas petition based on the new evidence. Dkt. 82-1. The Circuit has granted that request, while directing this Court to evaluate whether Watson's third petition satisfies the standards of § 2244(b)(2)(B). Dkt. 82.

Before the Court is the Report and Recommendation of United States Magistrate Judge Gabriel W. Gorenstein. Dkt. 110 (the "Report"). It recommends that the Court (1) find that the second § 2254 petition presents a "substantial issue" justifying an indicative ruling under Rule 62.1 that the Court would permit the second § 2254 to be amended, but (2) to assure compatibility with the Circuit's mandate permitting the third § 2254 petition to be filed, stay the case to enable Watson to withdraw the third petition or to permit the Second Circuit to withdraw its mandate. *Id.*

For the reasons set forth below, the Court adopts the Report in principal part. The Court agrees that the standards for an indicative ruling are met. The Court issues a ruling to the effect that, were the case remanded, it would allow Watson to amend the second § 2254 petition to take into account the new CIU evidence. The Court, however, declines to adopt the Report's recommendation to issue a stay. It does not find any conflict between issuing such an indicative ruling and addressing the merits of the third § 2254 petition as directed by the Circuit. Pursuant to that directive, the Court dismisses the third petition because Watson filed it nearly two years after his parole term had ended, and thus it does not satisfy § 2254's requirement that the petitioner be "in custody."

## I.    Background

The Court incorporates by reference the summary of the facts set out in the Report. Dkt. 110. The following summary focuses on the facts necessary to the limited issue presented. Watson was convicted in 1993 of second-degree murder after a New York State jury trial. *Id.*

2

The conviction was in part based on testimony of Christine Holloway, the sole eyewitness to the fatal shooting. Dkt. 78. Holloway testified at trial that she saw the shooter several times during the incident, and in a police interview immediately after the shooting, she had identified Watson in a police lineup as the shooter. *Id.* Watson was sentenced to 25 years to life in prison. *Id.* On February 23, 1999, Watson filed a *pro se* petition for § 2254 relief in this Court. Dkt. 2. On November 30, 1999, the petition was denied. Dkt. 11. On December 30, 1999, Watson appealed that denial. Dkt. 12. On September 12, 2000, the Second Circuit dismissed the appeal. Dkt. 14.

In 2009, Watson retained new counsel to review his case. Dkt. 78. In 2011, a team of investigators located Holloway and obtained an affidavit from her in which she largely recanted her trial testimony. *Id.* In particular, she claimed that she had not seen the shooter clearly enough to make an identification and had positively identified Watson as a result of pressure from the police. *Id.* She also alleged that the officers had shown her a single photo of Watson and encouraged her to identify him in the lineup. *Id.*

On July 27, 2012, Watson's counsel filed a motion under New York Criminal Procedure Law § 440.10 to vacate his conviction, based on Holloway's recantation. *Id.* It argued, *inter alia*, that the conviction should be overturned because Holloway's trial testimony had been false, that the prosecution should have known it was false, and that the prosecution had engaged in misconduct by knowingly using Holloway's perjured testimony. *Id.* A state court held several evidentiary hearings on the motion. *Id.* On June 13, 2014, it denied the post-conviction motion, finding Holloway's recantation incredible. *Id.*

On January 4, 2016, Watson moved before the Second Circuit for leave to file a second successive habeas petition. *Id.* The Second Circuit granted the request on February 18, 2016, finding that Watson had made the *prima facie* showing needed under 28 U.S.C. § 2244(b)(3)(C)

3

to permit the filing of a successive habeas petition. Dkt. 15. On June 28, 2016, Watson filed an amended § 2254 petition in this Court. Dkt. 28. On January 30, 2018, Judge Gorenstein, to whom the Court had referred the case for a Report and Recommendation, Dkt. 34, recommended that the Court deny Watson's petition. Dkt. 53.

This Court determined to hear Holloway's testimony itself. On December 19, 2018, Holloway testified at length before this Court, and was examined by both parties' counsel. Dkt. 78. On February 21, 2019, the Court issued a decision denying Watson's petition. *Id.* The Court agreed with the state court's assessment of the new evidence and found Holloway's recantation unreliable, inconsistent and incredible. *Id.* The Court issued a certificate of appealability. *Id.*

On March 8, 2019, Watson appealed. Dkt. 80. Shortly thereafter, he moved before the Second Circuit to hold his appeal in abeyance so that he could investigate and present new evidence in state court. Dkt. 110. On January 29, 2020, the Second Circuit granted that motion. *Id.* While the appeal petition was stayed, Watson sought review of his conviction by the CIU. *Id.* The CIU investigation revealed that Detective Sevelie Jones, the lead detective in Watson's case, had in another case engaged in misconduct similar to what Ms. Holloway had alleged in her recantation; namely, that Jones had "persuaded a witness to falsely identify an innocent person he had targeted as a perpetrator." Dkt. 100 at 4. The investigation also found evidence that arguably corroborated other elements of Holloway's recantation, including that she "had an undisclosed but well-documented psychological history" dating to trial. *Id.* Watson alleges that "the prosecution had suppressed this body of evidence," making it "not available for Watson [to] use in his prior petition." *Id.*

4

With the Second Circuit appeal in abeyance, Watson filed a new post-conviction motion in state court under § 440.10, based on the newly discovered evidence. Dkt. 110. On December 21, 2021, the state court denied that motion. *Id.* Watson then returned to the Second Circuit, filing an application for an order authorizing him to file a third § 2254 petition. Dkt. 82-1. On October 11, 2023, the Circuit granted that application. Dkt. 82. The Second Circuit found that Watson had made the *prima facie* showing required to file a successive § 2254 petition. *Id.* It directed this Court "to address, as a preliminary inquiry under § 2244(b)(4), whether the factual predicate for Petitioner's claims satisfies the requirements of § 2244(b)(2)(B)." *Id.*

On October 19, 2023, this Court referred the petition to Judge Gorenstein for a Report and Recommendation. Dkt. 83. On January 19, 2024, the State moved to dismiss the petition on the ground that, as of the date Watson filed his third petition, he had been released from custody, and was therefore ineligible for relief under 28 U.S.C. § 2254(a). Dkt. 93. In response, Watson filed a letter stating that, in lieu of opposing the motion to dismiss, he intended to file a motion for leave to amend his second petition. Dkt. 96. Judge Gorenstein deemed the motion to dismiss withdrawn and ordered Watson to file the motion to amend. Dkt. 98. On February 29, 2024, Watson filed that motion. Dkt. 100. Because the petition Watson seeks to amend is currently pending before the Second Circuit—depriving this Court of jurisdiction to resolve it or grant leave to amend it—Watson now seeks relief in the form of an indicative ruling under Federal Rule of Civil Procedure 62.1. Dkt. 99.

Rule 62.1 permits a district court to make an indicative ruling on a motion for relief that is otherwise barred by a pending appeal. "The filing of a notice of appeal is an event of jurisdictional significance" that "confers jurisdiction on the court of appeals and divests the

district court of its control over those aspects of the case involved in the appeal." *Griggs v.*

*Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Rule 62.1(a), however, provides:

> If a timely motion is made for relief that the court lacks authority to grant because
> of an appeal that has been docketed and is pending, the court may: (1) defer
> considering the motion; (2) deny the motion; or (3) state either that it would grant
> the motion if the court of appeals remands for that purpose or that the motion raises
> a substantial issue.

Fed. R. Civ. P. 62.1(a). In authorizing indicative rulings, the Rule promotes efficiency and the

timely resolution of motions that could further the appeal or obviate its necessity.

On July 3, 2024, Judge Gorenstein issued the Report. Dkt. 110. It recommended that the

Court grant Watson's request for an indicative ruling, reasoning that the new evidence

discovered by the CIU investigation raised a "substantial issue" under Rule 62.1. *Id.* at 9–10.

Separately, the Report recommended that this Court issue a stay to allow Watson to obtain a

recall, vacatur, or amendment of the Second Circuit's mandate regarding Watson's third petition,

"either by Watson withdrawing his motion for a third successive petition or otherwise prevailing

upon the Second Circuit to remove that petition from the Court's consideration." *Id.* at 10. On

August 7, 2024, the State filed objections to the Report. Dkt. 113. Watson did not file a

response to the objections.

## II.    Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). When specific objections are timely made, as is the case here, "[t]he

district judge must determine de novo any part of the magistrate judge's disposition that has been

properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d

34, 38 (2d Cir. 1997). But if a party objecting to a Report and Recommendation makes only

conclusory or general objections, or simply reiterates its original arguments, the Court will review the Report strictly for clear error. *See Dickerson v. Conway*, No. 08 Civ. 8024 (PAE), 2013 WL 3199094, at *1 (S.D.N.Y. June 25, 2013).

In its objections, the State rehashes many arguments that the Report rejected. It argues that Watson's new evidence is not sufficient to prevail on a gateway innocence claim and that granting him leave to amend would be futile. But that argument does not resolve the question presented here. That question is solely whether the new evidence creates a "substantial issue" that justifies an indicative ruling. As Watson recognizes, resolving that question does not require the Court to resolve on the merits whether the new evidence establishes Watson's claim of innocence or of a constitutional violation. *See* Dkt. 108 at 1 ("Pet. Reply") ("Whether Watson ultimately satisfies the gateway standard with the new evidence or proves the constitutional violations is a question for this Court on the *merits*, not at this preliminary stage." (emphasis in original)). For the reasons that follow, which track the Report's assessment, the new evidence creates a substantial issue and justifies an indicative ruling that the Court, on remand, would allow Watson to amend his second § 2254 petition.

As this Court has recognized, "had Holloway's trial testimony been shown to have been perjurious, a reasonable jury would not have found Watson guilty." *Watson v. Artuz*, No. 99 Civ. 1364 (PAE) (GWG), 2019 WL 762221, at *9 (S.D.N.Y. Feb. 21, 2019); *see also* Pet. Reply ("Holloway's identification of Watson is the whole case."). Newly discovered evidence showing that Holloway's trial testimony was unworthy of credit would necessarily present a substantial question. The Court rejected Watson's last attempt, based on Holloway's recantation, to make such a showing. After hearing Holloway's testimony in December 2018, the Court assessed that testimony as "nonlinear," "inconsistent, imprecise, incredible, and, as to key issues, incoherent,"

and revealing that "the Holloway of present," unlike at the time of trial, "is ill-equipped to give factual testimony that can be treated as reliable, rigorous, or faithful to the obligation of a sworn witness to hew to the truth." *Watson*, 2019 WL 762221, at *11. The CIU's investigation, however, has uncovered evidence that has the capacity to call into question Holloway's trial testimony and corroborate elements of her recantation. It supported that Jones, the lead detective in Watson's case, in an unrelated case prior to Watson's trial, had procured a false conviction by persuading a witness to wrongly identify an individual as the perpetrator. Although the Court found Holloway's recantation incoherent, the new CIU evidence does accord with the aspect of that recantation in which Holloway testified that she had been "pressure[d]" by that detective to identify Watson. *Id.* at *2; Pet. Reply at 8. The new evidence also appears to supply some basis to question Holloway's mental state at the time of her trial testimony. Although it is unclear whether there is truth to this claim, Watson alleges that this evidence was suppressed by the prosecution and unavailable to him at trial. He also points out that the instant claims "relate back" to those raised in the second petition insofar as "the original and amended petitions state claims that are tied to a common core of operative facts." Dkt. 100 at 8 (citing *Mayle v. Felix*, 545 U.S. 644, 664 (2005)); *see also* Fed. R. Civ. P. 15(c)(1)(B). Both petitions hinge on Ms. Holloway's trial testimony and the credibility of her recantation. Taken together, this evidence raises a substantial issue that justifies permitting amendment of the second § 2254 petition.

Notably, the Second Circuit has already determined, in connection with its evaluation of Watson's third § 2254 petition, that the newly discovered CIU evidence meets the *prima facie* showing required as a gateway for a successive petition. *See* Dkt. 82 (citing 28 U.S.C. § 2244(b)(2)) ("A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless . . . (B)(i) the

factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."). That ruling supports issuance of an indicative ruling permitting an amendment of the second § 2254 petition so as to substantively track the third petition.

  This holding aligns with others finding consequential newly discovered evidence to present a "substantial issue" within the meaning of Rule 62.1, warranting the issuance of an indicative ruling. *See, e.g.*, *ODS Cap. LLC v. JA Solar Holdings Co., Ltd.*, No. 18 Civ. 12083 (ALC), 2021 WL 9349939, at *1 (S.D.N.Y. Oct. 15, 2021) (newly discovered evidence "highly relevant" to a contested point was a substantial issue) (citation omitted); *Akassy v. N.Y. Daily News*, No. 14 Civ. 1725 (LAP), 2014 WL 12909139, at *2 (S.D.N.Y. Sept. 3, 2014) (new evidence pertaining to plaintiff's domicile raised a "substantial issue" that called into question a diversity-of-citizenship ruling); *Kravitz v. U.S. Dep't of Com.*, 382 F. Supp. 3d 393, 400–01 (D. Md. 2019) (new evidence that helps "connect[] the dots" in a close case raised a substantial issue); *United States v. $1,026,781.61 in Funds from Fla. Capitol Bank*, No. 09 Civ. 04381 (JVS), 2013 WL 1943436, at *4 (C.D. Cal. Apr. 16, 2013) (new testimony from previously uncooperative witness raised a "substantial issue" that, "although circumstantial, is highly probative. . . . Therefore, reconsideration may be appropriate."). Of course, in issuing an indicative ruling that on remand would permit Watson's second § 2254 petition to be amended, the Court does not comment on that petition's prospects of ultimate success. That a motion raises a "substantial issue" warranting relief under Rule 62.1 does not bind the district court as to its later rulings. *See, e.g.*, *JA Solar Holdings Co.*, 2021 WL 9349939, at *1.

The Court departs, however, from the Report's recommendation that this Court, rather than acting on the second petition, enter a stay to allow Watson to obtain a recall, vacatur, or amendment of the existing mandate. The Report, citing the "mandate rule," expressed concern that were this Court to act on a motion to amend the second petition, such might be treated as defying the Second Circuit's mandate to consider the merits of the third petition. Dkt. 110 at 9 ("[W]e do not believe we can simply ignore the directive of the 2023 Second Circuit mandate with respect to the third petition by addressing instead a motion made with respect to the second petition.") (citing *Puricelli v. Argentina*, 797 F.3d 213, 218 (2d Cir. 2015) ("A district court must follow the mandate issued by an appellate court.")). The Report thus recommended that this Court enter a stay, which would enable Watson to move to withdraw his motion for a third successive petition and/or persuade the Second Circuit to withdraw its mandate with respect to a third petition. Dkt. 110.

This Court, however, like respondent, does not see a conflict between issuing an indicative ruling that would permit amendment of the second § 2254 petition and responding to the mandate with respect to the third § 2254 petition. *See* Dkt. 113 at 4 (respondent's objections to the Report) ("[T]he Second Circuit's mandate regarding the third habeas petition does not prevent this Court from addressing the merits of petitioner's motion for an indicative ruling."). These issues are distinct. The Court therefore will issue the indicative ruling that, on remand, it would permit amendment of the second § 2254 petition, while responding to the Second Circuit's mandate by assessing the viability of the third § 2254 petition.

The Second Circuit there directed this Court to address whether the third petition satisfies the requirements of § 2244(b)(2)(B). It does not. Under § 2254(a), a petitioner must be "'in custody' when the application for habeas corpus is *filed*." *Carafas v. LaVallee*, 391 U.S. 234,

238 (1968) (emphasis added); *Dockery v. Lee*, 21 Civ. 2234 (PR), 2022 WL 16543813, at *2 (2d Cir. Oct. 31, 2022); *Valdez v. Hulihan*, 640 F. Supp. 2d 514, 515 (S.D.N.Y. 2009) ("[O]nce a sentence has been completely served and thus expired, an individual is no longer 'in custody' under that conviction, even when the possibility exists that the conviction may be used to enhance a future sentence."). It is undisputed that Watson was no longer in custody as of September 15, 2023, the day he filed his third petition. *See* Dkts. 96, 97. Rather, as reflected in records from the New York State Department of Corrections and Community Supervision, Watson completed his sentence and was discharged from parole by October 9, 2021, Dkt. 92, nearly two years after his third petition was filed. Dkt. 82-1. Therefore, the Court must dismiss Watson's third § 2254 petition. Should the Second Circuit, consistent with the Court's indicative ruling, remand to permit amendment of the second § 2254 petition, Watson would appear equally capable via that petition of pursuing the same relief.

## CONCLUSION

The Court therefore (1) grants Watson's motion for an indicative ruling on his second § 2254 petition, to wit, that on remand, it would permit that petition to be amended; and (2) dismisses Watson's third § 2254 petition.

The Court directs petitioner to inform the United States Court of Appeals for the Second Circuit of this order pursuant to Federal Rule of Appellate Procedure 12.1. *See* Fed. R. Civ. P. 62.1(b).

The Clerk of Court is respectfully directed to deliver a copy of this order to the Clerk of the United States Court of Appeals for the Second Circuit and to terminate the motion pending at Docket 99.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 18, 2024
      New York, New York